[Crim. No. 36702. Second Dist., Div. One. Feb. 17, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
CARL ROBERT BOND, Defendant and Appellant.

COUNSEL

Paul Arthur Turner, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Weisman and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

HANSON (Thaxton), J.—

### Introduction

This purported appeal by defendant Carl Robert Bond (hereinafter defendant and/or Bond) serves to corroborate the accuracy of certain of the observations of Presiding Justice Robert Gardner of the Fourth Appellate District concerning the determinate sentence law articulated in *People* v. *Sutton* (1980) 113 Cal.App.3d 162, at page 164 [169 Cal.Rptr. 656]; and in *Community Release Bd.* v. *Superior Court* (1979) 91 Cal.App.3d 814, in footnote 1 on page 815 [154 Cal.Rptr. 383].

### The Case

Defendant Bond was convicted in a jury trial of possessing heroin and phenobarbital for the purpose of sale in Los Angeles Superior Court case No. A138439. On July 10, 1978, he was sentenced to state prison in that matter for a term of three and two-thirds years.

On the same date in the present case, Los Angeles Superior Court case No. A138081, defendant entered a plea of guilty to possessing heroin for sale. The court in pronouncing judgment stated: "It is the Court's intention now, there having been no statement in aggravation or mitigation filed, to deny the defendant's application for probation *and impose the middle term of three years* with one-third applicable or a principal term of one year on this particular case, which will run consecutive to the sentencing of the Court in A-138439, which gives a grand total of four years and eight months to the defendant to be served." (Italics added.)

Defendant Bond did not appeal in the present proceeding and the judgment entered herein became final. However, he did appeal in A138439. In 2 Crim. 33420, Division Three of this court, in an opinion not certified for publication, ordered that a post conviction *in camera* hearing be held where an informant could be questioned by the trial court. The People being unable to produce the informant, case No. A138439 was dismissed.

Apparently by reason of this development, on September 27, 1979, the court purported to conduct a new sentencing as to its long since final judgment in the present proceeding, i.e., A138081 and reconfirmed the three-year term previously imposed.[1] Defense counsel objected thereto claiming, inter alia, that he had been required to serve but one year in this action and the court had no jurisdiction to alter this one year "term" in a more onerous way.

## DISCUSSION

■ Defendant was partially correct in that the court had no jurisdiction to resentence him at all and the proceedings here under review were a nullity.

The court's oral pronouncement of judgment on July 10, 1978, its minutes, and the amended abstract of judgment indicate that *the middle term of three years was imposed* although pursuant to the provisions of Penal Code section 1170.1, subdivision (a), appellant would be required to serve but one year of this term consecutively to the then effective sentence in A138439. While the sentencing court did not expressly state that the remaining two years were "stayed," no other interpretation of the judgment is possible.

The seminal case of *People* v. *Niles* (1964) 227 Cal.App.2d 749 [39 Cal.Rptr. 11], approved by our Supreme Court in *In re Wright* (1967) 65 Cal.2d 650 [56 Cal.Rptr. 110, 422 P.2d 998] and followed by that court (*People* v. *Miller* (1977) 18 Cal.3d 873, 886 [135 Cal.Rptr. 654, 558 P.2d 552]) establish the now well known rule in the Penal Code section 654 context that "[w]hen a defendant suffers multiple convictions, sentencing for some of which is precluded by operation of section 654, an acceptable procedure is to sentence defendant for each count

---

[1]Contrary to defendant's position in the trial court, this purported resentencing was not conducted pursuant to the provisions of Penal Code section 1170, subdivision (d), which allow for resentencing to correct disparate terms. In this regard the trial court stated: "The last time we were together on remittitur the Court made a finding which exonerated you from any liability in case A 138439. [¶] And I was contacted by the Department of Corrections with an indication that the case that we now have before us, A 138081 in which you were sentenced on Count 9 to a middle term, *which was three years* less the discount of two-thirds which gave you a one-third ultimate punishment, which was to run consecutive to the other case, now stands without another case in front of it. [¶] Accordingly, this case has to be treated as though it were the only one on which you were to be sentenced. And that's the purpose of the resentencing today." (Italics added.)

and stay execution of sentence on certain of the convictions to which section 654 is applicable. Such stay is to be effective pending the successful service for the more serious conviction, at whibh time the stay is to become permanent. [Citations.]" (*People* v. *Miller, supra,* at p. 886.)

The practice articulated in *Niles* has been carried over into the determinate sentence law by California Rules of Court, rules 447 and 449, the latter of which is in conformity with *Niles* and controlling. It provides: "When a sentence of imprisonment is imposed upon a defendant convicted of more than one crime, the judgment shall set forth the sentence to a base term and applicable enhancements for each of the crimes, *computed independently.*[2] *If required by statutory limitations on the enhancement resulting from consecutive terms* or by the limitations of section 654, *the judgment shall stay execution of so much of the term, or on those crimes, for which the imposition of the full sentence is prohibited.* The stay shall become permanent upon the defendant's service of the portion of the sentence not stayed." (Italics added.)

Here, as previously indicated, when sentence was imposed upon the defendant on July 10, 1978, the sentencing court effectively complied with this rule and the stay imposed on the remaining two years, by operation of law, terminated *eo instante* when case No. A138439 was dismissed.

A lawful judgment having been rendered in this action on July 10, 1978, it became final when no appeal was timely taken therefrom. (Pen. Code, § 1237, subd. (1); Cal. Rules of Court, rule 31(a).) Being a nullity which did not in any event change the terms of the original judgment or affect defendant's substantial rights, the proceedings of September 27, 1979, were not the proper subject of appeal. (Pen. Code, § 1237, subd. (2).) Where as here, "the appeal is irregular in any substantial parti-

---

[2]Therefore, in sentencing any defendant convicted of multiple offenses, whether in the same or different actions, the court should impose whatever term it deems appropriate for each offense as if it were standing alone and thereafter stay so much of the term selected as required by the one-third mid-term consecutive sentence rule. Here, for example, had the court initially found aggravation and imposed the upper term in case No. A138081 on July 10, 1978, such upper term would have automatically become operative upon dismissal of case No. A138439. Of course, when by reason of multiple consecutive sentences doubt as to the court's true intent is created, or where a defendant's punishment would actually be increased by reason of a setting aside of a principal term, clarification by the trial court would be appropriate.

cular...the appellate court may order it to be dismissed." (Pen. Code, § 1248.)

## DISPOSITION

The appeal is dismissed.

Spencer, P. J., and Lillie, J., concurred.