[No. E009064. Fourth Dist., Div. Two. Nov. 15, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
KENT JOHN BEGNAUD, Defendant and Appellant.

**COUNSEL**

John Ward and Eric Weaver, under appointments by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Keith I. Motley, Robert M. Foster and Nancy Palmieri, Deputy Attorneys General, For Plaintiff and Respondent.

**OPINION**

**HOLLENHORST, Acting P. J.**—This case is before us a second time because of alleged errors in the court's resentencing of defendant. We affirm.

### FACTS

In the first appeal, in an unpublished opinion, this court affirmed the defendant's conviction for commercial burglary but reversed his conviction for assault on a police officer because of ineffective assistance of counsel.

On January 18, 1991, the People dismissed the assault charge and defendant was sentenced on the commercial burglary. The trial court imposed an

aggravated term of three years for this count along with a one-year enhancement pursuant to Penal Code[1] section 667.5, subdivision (b) for a total term of four years. At the original sentencing in 1989, the court had set the assault as the principal term and imposed a middle term of four years on that count, a one-year enhancement under section 667.5 and a consecutive one-third the middle term of two years on the burglary for a total sentence of five years and eight months.

## CONTENTIONS

Defendant in essence contends he was penalized for his successful appeal by the court's imposition of a greater sentence on remand. He also contends the court failed to state adequate reasons for imposing an aggravated term and erred in failing to obtain a current probation report prior to resentencing.

We raised the issue of the trial court's jurisdiction to resentence the defendant on the commercial burglary and asked the parties to submit additional briefs on this issue.

## TRIAL COURT JURISDICTION TO RESENTENCE

Under the prior Indeterminate Sentence Law, the cases held that once execution of the sentence has begun, the trial court has no jurisdiction to resentence or consider a renewed application for probation. (*In re Black* (1967) 66 Cal.2d 881, 890-891 [59 Cal.Rptr. 429, 428 P.2d 293].) Accordingly, one court held, in reliance on *Black* that if a conviction was affirmed on appeal, the trial court had no jurisdiction to resentence on that conviction simply because other convictions were reversed. (*People v. Colbert* (1970) 6 Cal.App.3d 79 [85 Cal.Rptr. 617].) "If. . . defendant has started to serve the sentence . . . , it is the general rule that the trial court's jurisdiction to grant probation ceases. [Citation.] We have found no authority to support the proposition that jurisdiction to grant probation, once denied, revests, where a defendant, on appeal, obtains a favorable result as to some counts, but not as to others." (*Id.*, at p. 85.) The question is whether this rule was changed with the enactment of the determinate sentencing law (DSL). We believe it was.

While DSL is, without a doubt, "a legislative monstrosity, which is bewildering in its complexity," (*People v. Sutton* (1980) 113 Cal.App.3d 162, 164 [169 Cal.Rptr. 656])[2], in one, if not the only, respect the meaning and

---

[1]All code references are to the Penal Code unless otherwise indicated.

[2]Justice Gardner also aptly noted: "As a sentencing judge wends his way through the labyrinthine procedures of section 1170 of the Penal Code, he must wonder, as he utters some

implementation of DSL should be fairly clear—when a defendant is sentenced consecutively for multiple convictions, whether in the same proceeding or in different proceedings, the judgment or aggregate determinate term is to be viewed as interlocking pieces consisting of a principal term and one or more subordinate terms. (§ 1170.1, subd. (a).) Section 1170.1, with certain exceptions, also places certain restrictions on the sentencing judge's discretion such as limiting the term of imprisonment for a subordinate term to no more than one-third the middle term of imprisonment for such conviction and limiting the total term of imprisonment to no more than twice the number of years imposed as the base term.

Because of this interlocking aspect of DSL, it has been recognized that when a sentencing error is made with respect to one part of the judgment, a remand for resentencing on all of the convictions is often proper. (*People* v. *Savala* (1983) 147 Cal.App.3d 63, 68-69 [195 Cal.Rptr. 193], overruled on different grounds in *People* v. *Foley* (1985) 170 Cal.App.3d 1039, 1044, 1046-1047 [216 Cal.Rptr. 865].) The California Supreme Court also has recognized the propriety of resentencing on all convictions, not only for sentencing error but also when the conviction for the principal term is reversed. "If the conviction underlying the principal term is reversed, it then becomes necessary for the trial court to select the next most serious conviction to compute a new principal term. Thus, whenever an appellate court reverses a conviction for the principal term, the trial court retains jurisdiction over the entire cause as needed to make the necessary modifications in the sentence." (*People* v. *Bustamante* (1981) 30 Cal.3d 88, 104, fn. 12 [177 Cal.Rptr. 576, 634 P.2d 927].)

Thus, as one court has expressly held, section 1170.1, subdivision (a) "represents a statutory exception to the general rule" that a sentence lawfully imposed cannot be modified once a defendant is committed and execution of his sentence has begun. (*People* v. *Bozeman* (1984) 152 Cal.App.3d 504, 507 [199 Cal.Rptr. 343].)[3] In *Bozeman*, the appellate court held that a trial court in a second criminal proceeding could modify an earlier judgment rendered by a different court and make that judgment a subordinate term to the subsequently imposed sentence in the second action. (*Ibid.*) "The exception provided by section 1170.1, subdivision (a) is necessary and makes good sense. Without it, sentencing courts would be unable to impose full terms

---

of its more esoteric incantations, if, perchance, the Legislature had not exhumed some long, departed Byzantine scholar to create its seemingly endless and convoluted complexities. Indeed, in some ways it resembles the best offerings of those who author bureaucratic memoranda, income tax forms, insurance policies or instructions for the assembly of packaged toys." (*Community Release Bd.* v. *Superior Court* (1979) 91 Cal.App.3d 814, 815, fn. 1 [154 Cal.Rptr. 383].)

[3]Section 1170, subdivision (d) has also been recognized as an exception to the general rule as well. (*Dix* v. *Superior Court* (1991) 53 Cal.3d 442, 455 [279 Cal.Rptr. 834, 807 P.2d 1063].)

under sections 669 and 1170 for serious crimes when those crimes are committed by defendants who have been previously convicted and sentenced for less serious offenses." (*Ibid.*)

Although the trial court's jurisdiction to resentence on consecutive subordinate terms which are final because of a reversal of the principal term would seem beyond question in light of the interlocking nature of DSL, one case has suggested that, at least in the context of two proceedings, the trial court has no such jurisdiction. (*People v. Bond* (1981) 115 Cal.App.3d 918 [172 Cal.Rptr. 4].) In that case a principal term for possession of heroin for sale had been imposed by one court and in a subsequent case a second court, acting pursuant to section 1170.1, subdivision (a), sentenced defendant to a consecutive subordinate term of one-third the middle term. Defendant appealed the judgment in the first case but did not appeal from the second judgment. After the judgment in the first action was reversed and that count was dismissed, the trial court in the second case attempted to resentence the defendant.

The appellate court held that the judgment rendered in the second action became final when no appeal was taken and therefore the trial court did not have jurisdiction to resentence on what had been a subordinate term. The court explained that in sentencing defendant to a consecutive one-third the middle term, the trial court in the second action had stayed the remaining two-thirds of the middle term. When the principal term was reversed, the stay was removed and the full middle term became the sentence. In reaching this result, the court relied on *People v. Niles* (1964) 227 Cal.App.2d 749 [39 Cal.Rptr. 11] and California Rules of Court, rule 449. In *Niles*, the court had determined that the appropriate sentencing procedure for multiple convictions *in a section 654 context* is to stay execution of sentence for those convictions, sentence for which would violate section 654. The court in *Bond* went on to state "[t]he practice articulated in *Niles* has been carried over into the determinate sentence law by California Rules of Court, rules 447 and 449, the latter of which is in conformity with *Niles* and controlling. It provides: 'When a sentence of imprisonment is imposed upon a defendant convicted of more than one crime, the judgment shall set forth the sentence to a base term and applicable enhancements for each of the crimes, *computed independently. If required by statutory limitations on the enhancement resulting from consecutive terms*, or by the limitations of section 654, *the judgment shall stay execution of so much of the term, or on those crimes, for which the imposition of the full sentence is prohibited.*" (*People v. Bond, supra,* 115 Cal.App.3d 918, 922.)

The holding in *Bond* suggests that in any case where the principal term is reversed, the trial court cannot resentence on the conviction for which the

subordinate term had been imposed if that conviction and judgment is final.[4] The "*Niles* rule" of staying execution is entirely appropriate to avoid violations of section 654. Use of a stay may as well be an acceptable alternative to effect compliance with section 1170.1, subdivision (a). However, we believe the trial court has jurisdiction to resentence on all convictions when the principal term is modified or reversed even in the absence of a stay.

As the court in *People* v. *Bozeman* expressly held and the court in *People* v. *Bustamante* implicitly recognized, section 1170.1, subdivision (a) creates an exception to the general rule that jurisdiction ceases when execution of the sentence begins. The interlocking nature of DSL compels this conclusion. In imposing a subordinate term which is to run consecutive to a principal term, the sentencing court is in reality without discretion. The term is fixed at one-third the middle term and it matters not whether the trial court imposes a term of one-third the middle term or imposes some other term and "stays" the portion of the term which exceeds one-third. (*People* v. *Riolo* (1983) 33 Cal.3d 223, 227 [188 Cal.Rptr. 371, 655 P.2d 723], fn. 5: "Neither the hypothetical full term for the offense nor the concept of a 'stay' of part of that 'term' appears in the statutes. As long as the consecutive term remains subordinate to a principal term, its term of imprisonment *is* the period of time amounting to one-third the middle base term.")[5] At the original sentencing, the trial court sentences with the assumption that the various convictions are proper. The court selects a principal term and then imposes the subordinate consecutive terms as required by section 1170.1, subdivision (a). The court should not be required to anticipate a reversal of the principal term and to impose hypothetical full terms on what are intended to be subordinate terms. Rather, the better rule would be to allow the trial court to resentence on the convictions for which subordinate terms had previously been imposed pursuant to section 1170.1 when the principal term is reversed. Accordingly, in this case, the trial court retained jurisdiction to resentence on the commercial burglary when the conviction for the assault was reversed. The trial court had full authority to select any sentencing choice allowed by applicable law, including probation.

### CURRENT PROBATION REPORT

■ Having concluded the trial court had jurisdiction to resentence on the commercial burglary, we now address whether the court was required to

---

[4]If *Bond*'s holding is limited to situations where the principal term was imposed in one case and the subordinate term in a second case, it may raise serious equal protection issues. Whether the sentences are imposed in the same proceeding or different proceedings, section 1170.1, subdivision (a) requires the same sentencing procedure. The reversal of the principal term should have the same result regardless of whether it was imposed in the same or a different proceeding than the subordinate term.

[5]California Rules of Court, rule 449 requiring the court to compute the base term for each count independently of any other convictions was repealed in response to *People* v. *Riolo*.

obtain a current probation report. At the original sentencing hearing the defendant was statutorily ineligible for probation because of the assault conviction. With the removal of that conviction, defendant was, at the time of resentencing, no longer ineligible and the trial court was required to refer the matter to the probation officer. (§ 1203, subd. (b).)

The People contend that defendant has waived the issue by failing to request a current probation report and/or failing to object to the court's resentencing in the absence of such report. They rely on *People* v. *Brady* (1984) 162 Cal.App.3d 1 [208 Cal.Rptr. 21], *In re L. S.* (1990) 220 Cal.App.3d 1100 [269 Cal.Rptr. 700], *People* v. *Webb* (1986) 186 Cal.App.3d 401 [230 Cal.Rptr. 755] and *People* v. *Rojas* (1962) 57 Cal.2d 676 [21 Cal.Rptr. 564, 371 P.2d 300].) None of these cases, however, hold that when a defendant is eligible for probation he must either request a probation report or register an objection to the court's proceeding without one. In the only case cited which even addresses the issue of waiver, the appellate court expressly declined to decide the case on grounds of waiver or harmless error. (*People* v. *Webb, supra,* 186 Cal.App.3d 401, 408-409.)[6] There are, however, other cases in which the courts have found, based on the facts, that defendant had waived his right to a current probation report.

In *People* v. *Magee* (1963) 217 Cal.App.2d 443 [31 Cal.Rptr. 658], the court held that trial counsel's statement that it would take three weeks to obtain a report and that " 'we are willing that judgment be pronounced today' " constituted a withdrawal of the application for probation and a waiver of the right to a probation report. (*Id.,* at p. 476.)

In *People* v. *Tempelis* (1964) 230 Cal.App.2d 596 [41 Cal.Rptr. 253], the court of appeal found that defendant had waived his right to have the matter referred to the probation officer prior to sentencing. In finding a waiver the court noted that defendant had not objected to being sentenced without a referral and in fact consented to sentencing. On three separate occasions defense counsel stated that there was no legal cause to present as to why defendant should not then be sentenced. (*Id.,* at p. 599.)

A waiver of the right to have the matter referred to the probation officer prior to sentencing was also found in *People* v. *Jones* (1966) 244 Cal.App.2d 378 [52 Cal.Rptr. 924] when after the trial court set the matter for hearing three weeks later for receipt of a presentence report, defense counsel expressly stated defendant did not wish to apply for probation and would waive time and be ready for sentencing on the following Monday. (*Id.,* at pp. 382-383.)

---

[6]*Webb* is also distinguishable because in that case the defendant was ineligible for probation.

Finally in *People* v. *Preyer* (1985) 164 Cal.App.3d 568 [210 Cal.Rptr. 807], the court specifically asked whether defendant wanted a new probation report to which counsel stated defendant wanted to be sentenced forthwith and would waive any right to an additional report. The appellate court held "There is no requirement that there be a personal waiver of a supplemental probation report. Counsel's waiver was adequate, and any error was invited by appellant's request to be sentenced forthwith." (*Id.*, at p. 576.)

Here there was no express waiver by either defendant or his attorney as in *Preyer* and *Jones*. However, like in *Magee* and *Tempelis*, counsel voiced no objection to proceeding with resentencing without a supplemental probation report and specifically stated there was no legal cause why judgment could not be pronounced. Counsel also waived formal arraignment for pronouncement of judgment and advised the court she was ready to proceed. During the hearing, counsel relied on the prior probation report and argued not for probation but rather for imposition of the middle term. From this conduct we infer that defendant waived his right to a supplemental probation report.[7]

### AGGRAVATED TERM

██ Defendant next contends that he was penalized for taking a successful appeal because upon resentencing on the commercial burglary conviction the trial court imposed the upper term of imprisonment. The People correctly point to *People* v. *Savala, supra,* 147 Cal.App.3d 63 (overruled on different grounds in *People* v. *Foley, supra,* 170 Cal.App.3d 1039, 1044, 1046-1047) and *People* v. *Hood* (1969) 1 Cal.3d 444 [82 Cal.Rptr. 618, 462 P.2d 370] for the proposition that a defendant is not penalized so long as the new

---

[7]We also agree with the People's contention that defendant has not established that the failure to obtain the report was prejudicial. Obtaining a supplemental or current probation report allows the court to consider, among other factors, the defendant's conduct during an appeal. (*People* v. *Foley, supra,* 170 Cal.App.3d 1039, 1048-1049.) Even if double jeopardy principles preclude the court from imposing a greater sentence on remand, defendant can rely on his behavior during the appeal to argue for a *reduction* of his term of imprisonment at resentencing. (*Id.,* at p. 1049.) Who better than defendant would know whether a supplemental report disclosing his post-conviction behavior would disclose a basis for reducing the term of imprisonment upon resentencing? One might infer from the failure to request a supplemental report or to object to the court's proceeding without one that defendant knows the report will not benefit him. From this one could infer not only that the error is harmless but also that defendant knowingly waived his right to a supplemental probation report. (*People* v. *Tempelis, supra,* 230 Cal.App.2d 596, 599: "Defendant knew whether or not the prior convictions were true, and he knew that with the charges pending against him in Oakland, his chances of getting probation were extremely remote, even assuming that he was eligible for probation.") A defendant should not be allowed to stand silent when the court proceeds without a supplemental probation report, gamble that a trial court will impose a lesser term of imprisonment and then urge reversal for the failure to obtain the report without being required to make some showing that he was prejudiced thereby.

term of imprisonment does not exceed the original aggregate term of imprisonment.

In *Hood*, the Supreme Court reversed both convictions and indicated that if, upon retrial, defendant was convicted of either or both of the counts, his new sentence could not exceed the 14 years originally imposed. (*People v. Hood, supra*, 1 Cal.3d 444, 459.) In *Savala*, the error resulting in a remand for resentencing was an improper enhancement. Upon resentencing the trial court imposed an upper term on the principal term and stayed the enhancement. The appellate court held that a trial court could resentence and could impose a different term of imprisonment so long as the new aggregate term did not exceed the original aggregate term. (*People v. Savala, supra*, 147 Cal.App.3d 63, 69, overruled on different grounds in *People v. Foley, supra*, 170 Cal.App.3d 1039, 1044, 1046-1047.)

Defendant contends that the cases cited by the People are distinguishable because "in all the cases relied upon by respondent the trial courts imposed *improper sentences* based upon *proper convictions*" and that because defendant did not challenge an illegal sentence but rather the underlying conviction, the rule is, or should be, different. Not so.

It is true that if the original sentence is unauthorized or illegal, it may be set aside and a proper judgment imposed "*even though it is more severe than the original unauthorized pronouncement.*" (*People v. Serrato* (1973) 9 Cal.3d 753, 764 [109 Cal.Rptr. 65, 512 P.2d 289], italics added, disapproved on different grounds in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1 [189 Cal.Rptr. 855, 659 P.2d 1144].) This, however, was not the reasoning relied upon by the court in *Savala* in allowing the trial court to impose an upper term.

*Savala*'s holding, as discussed above, was based instead on the interlocking nature of DSL. "[D]efendant's aggregate prison term cannot be viewed as a series of separate independent terms, but rather must be viewed as one prison term made up of interdependent components. The invalidity of some of those components necessarily infects the entire sentence. To hold otherwise would be to hold that a trial court may not decline to aggravate the sentence for an otherwise aggravated crime due to the overall length of the sentence to be imposed. We decline to so circumscribe a trial court's sentencing discretion." (*People v. Savala, supra*, 147 Cal.App.3d 63, 68-69.)

This reasoning is no less compelling when the resentencing occurs as a result of a reversal of the conviction as opposed to an error in sentencing.

When the conviction for which the principal term is reversed, "it then becomes necessary for the trial court to select the next most serious conviction to compute a new principal term" and in doing so the trial court can modify the sentence. (*People* v. *Bustamante, supra* 30 Cal.3d 88, 104, fn. 12.)

Here the trial court at the original sentencing hearing chose not to impose the aggravated term on the assault as had been recommended by the probation officer. Instead the court chose to impose a middle term on that count and to run the subordinate term of one-third the middle term on the commercial burglary consecutive to the principal term. When the conviction for which the principal term had been selected and imposed, was reversed and subsequently dismissed, the trial court was within its discretion in imposing an upper term on the one remaining conviction.

Nor are we persuaded that the trial court's comments at the original sentencing hearing indicate vindictiveness. At the original sentencing hearing the court said, "[F]or the edification of the Court of Appeal, if they feel it's a 664 [*sic*], I would suggest to them not to return to me. Because if that's the case, I'll give him the aggravated on 245 (B), the same results. Plus be [*sic*] more than five years, eight months. Six years."

Contrary to defendant's assertion, we do not view the court's comments at that time as a warning to the defendant not to appeal but rather as further explanation as to how the court arrived at its sentencing decision. The comments might even be characterized as a dare directed to this court. In either event, although we agree the comments were inappropriate, they do not convince us the court was acting vindictively in imposing an upper term. As there were facts in aggravation and no facts in mitigation, the imposing of an upper term was proper.

## STATEMENT OF REASONS

Finally defendant contends the court failed to state adequate reasons for imposing an upper term of imprisonment. The court originally cited premeditation, the fact the defendant was on parole, and the fact that his previous record contained numerous convictions. When defense counsel challenged the reference to defendant's prior convictions the court again noted that defendant was on parole at the time the offense was committed and that in the court's view the crime involved premeditation. ■ Being on parole and premeditation are both proper factors for imposing an upper term. (Cal.

Rules of Court, rules 421(a)(8) and (b)(4).)[8] The upper term was adequately supported by the reasons given.

DISPOSITION

Judgment affirmed.

Timlin, J., and McKinster, J., concurred.

---

[8]Defendant apparently contends that the trial court's reference to defendant being on parole was intended as an explanation of why the court felt the crime involved premeditation. Our reading of the record leads us to believe that the reference to the defendant being on parole was a separate reason for the upper term.