[No. A060986. First Dist., Div. Two. Nov. 23, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
RAMIRO MORENO OSEGUERA, Defendant and Appellant.

## COUNSEL

Michael B. McPartland, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Martin S. Kaye and Ronald S. Matthias, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BENSON, J.**—Ramiro Moreno Oseguera (defendant) appeals from the judgment following remand for resentencing after we found in his favor in an earlier appeal.[1] He contends the court erred by failing to direct preparation of a supplemental probation report, and that the court did not state adequate reasons for imposing a consecutive sentence. We affirm.

### Facts and Procedural History

We adopt the statement of fact from our earlier opinion.

"Police saw defendant driving erratically, pulled him over, administered field sobriety tests, and arrested him for drunk driving. In his car they found a loaded short-barrel shotgun. The information charged (1) driving under the influence with three prior convictions and refusing to submit to a chemical test; (2) being a convicted felon in possession of a firearm; (3) possessing a short-barrel shotgun; (4) carrying a loaded firearm within a vehicle on a public street; and (5) driving with a suspended license, with three prior convictions of the same offense.

"Defendant waived a jury and the matter was tried to the court, which found him guilty on all counts. The court denied probation and sentenced him to the upper term of three years on the [driving under the influence] charge, eight months on the charge of firearm possession by a felon, a stayed upper term on the short-barrel shotgun charge, and concurrent misdemeanor terms on the remaining counts."

---

[1]*People v. Oseguera* (Nov. 10, 1992) A055967 (nonpub. opn.).

Defendant appealed. We held the trial court had erred by failing to state adequate separate reasons for its apparent choice to impose both the upper terms and a consecutive sentence, though it had evidence before it which would have supported both sentencing choices had it articulated its reasons properly. Under some circumstances, we might have found similar error harmless. However, because the court failed to state any reason for the consecutive sentence, or indeed, to refer at all to that choice, the record left open the possibility the court had been unaware of its discretion *not* to impose such a sentence. For that reason, we concluded we were unable to find the error harmless, and we reversed and remanded.

On remand, the trial court again sentenced defendant to the upper term of three years on the driving under the influence (DUI) charge, a consecutive eight-month term on the first firearm count, concurrent terms on misdemeanor counts, and a stayed upper term of three years on the second firearm count. During sentencing, the trial court noted its earlier sentence was that recommended by the probation officer. The court stated its choice to deny probation was based on the defendant's "extensive criminal history, . . . transitory lifestyle, denial of substance abuse, doubts that he would be able to comply with the terms of probation, and [that he] expresses no remorse for his criminal conduct." The court said it selected the upper terms because the defendant had "numerous" convictions, and the consecutive sentence because the DUI and weapons offenses were "predominantly independent of each other." The court did not order a supplemental probation report, the parties did not request one, and there was no objection or reference to its absence at the hearing or before.

### Discussion

■ Defendant first contends we must again reverse and remand because the court failed to obtain and consider a supplemental probation report before resentencing. It is established that a trial court must order and consider such a report on remand for resentencing. (Pen. Code, § 1203, subd. (b); *People* v. *Rojas* (1962) 57 Cal.2d 676, 682 [21 Cal.Rptr. 564, 371 P.2d 300]; see, e.g., *People* v. *McClure* (1987) 191 Cal.App.3d 1303, 1305 [237 Cal.Rptr. 90] [where defendant eligible for probation, referral for report required " 'on each occasion of passing judgment' "].) Here, there is no dispute defendant was eligible for probation, and therefore under the stated principle was entitled to a supplemental probation report before resentencing. However, there was no request for a supplemental report, no objection made to the second sentencing proceeding on that ground, and no indication from either defendant or his counsel at the hearing that they were unready to proceed. Accordingly, the requirement of a supplemental report was waived.

(*People* v. *Begnaud* (1991) 235 Cal.App.3d 1548, 1554-1556 [1 Cal.Rptr.2d 507] [failure to request report or object to proceedings waived right to supplemental report on resentencing after remand].) As in *Begnaud*, there is nothing in the record indicating any reluctance on defendant's part to proceed without the report, and no indication that defendant believed there were additional facts to be presented to the court that might have influenced the court's decision.[2] (*Id.* at p. 1556, fn. 7; cf. *People* v. *Gotto* (1955) 138 Cal.App.2d 165, 168 [291 P.2d 41] [no implied waiver where defendants asserted they were unaware of their right to a probation report].) The authorities defendant relies on are inapposite because none consider the effect of a failure to request a report or object to sentencing without one.

■ We reject defendant's claim the failure to obtain a report is a jurisdictional error which cannot be waived by failure to object. Defendant argues that because the Penal Code mandates a supplemental report, any sentence imposed without such a report is illegal, and must be vacated whether or not there was any objection. It is true that a sentence not authorized by statute is illegal and must be corrected whenever the defect is brought to the attention of the court, even absent any prior objection. (See, e.g., *People* v. *Serrato* (1973) 9 Cal.3d 753, 763 [109 Cal.Rptr. 65, 512 P.2d 289].) However, so long as a sentence is authorized by statute, there is no *jurisdictional* defect, even though remand may be required because the court has not accorded the defendant all the procedural rights to which he or she may have been entitled. By defendant's logic, any sentence imposed in violation of the procedural requirements of the sentencing statutes would be illegal, and we would be required to vacate such sentences whenever the defect was raised. We decline to accept such a sweeping proposition.

■ Defendant next contends the court failed to state adequate reasons for imposing a consecutive sentence. As we have noted, the court's reason for imposing a consecutive sentence was its finding that the alcohol and firearm offenses were "predominantly independent." (Cal. Rules of Court, rule 425(a)(1) [court may sentence consecutively where crimes were "predominantly independent"].) Defendant argues the crimes were not predominantly independent. The determination was for the trial court. We will disturb its finding only if it is not supported by substantial evidence. (See, e.g., *People* v. *Galvan* (1986) 187 Cal.App.3d 1205, 1220 [232 Cal.Rptr.

---

[2]Defendant's assertion in the opening brief that the original report did not contain a description of defendant's conduct pending appeal cannot substitute for some demonstration of prejudice. As the court pointed out in *Begnaud*, "[a] defendant should not be allowed to stand silent when the court proceeds without a supplemental probation report, gamble that a trial court will impose a lesser term of imprisonment and then urge reversal for the failure to obtain the report without being required to make some showing he was prejudiced thereby." (*People* v. *Begnaud, supra*, 235 Cal.App.3d at p. 1556, fn. 7.)

410].) Driving under the influence of alcohol and being a felon in possession of a firearm are distinct acts which in this case happened to occur at the same time and place. We find no defect in the court's reliance on this factor.[3]

The judgment is affirmed.

Smith, Acting P. J., and Phelan, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 23, 1994.

---

[3]Indeed, in our prior opinion we specifically noted the trial court would have been within its discretion to base the consecutive sentence on the factor it relied on here.