Filed 3/28/25  P. v. Rodriguez CA4/2
See Concurring Opinion; see Dissenting Opinion

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083313 |
| v. | (Super.Ct.No. RIF75273) |
| RICHARD JOSEPH RODRIGUEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and remanded with directions.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Emily Reeves, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant and appellant Richard Joseph Rodriguez appeals from a postjudgment order finding him ineligible for resentencing under Penal Code[1] section 1172.75. He argues the trial court erred in denying him a full resentencing under section 1172.75. We agree and reverse.

## PROCEDURAL BACKGROUND

In 2001, a jury found defendant guilty of first degree murder (§ 187, count 1) and attempted murder (§§ 664/187, count 2). As to count 1, the jury found that he committed the murder during the commission of burglary and robbery (§ 190.2, subd. (a)), and that he personally used a firearm (§ 12022.5, subd. (a)). As to count 2, the jury found that he personally used a weapon in committing the attempted murder. (§ 12022, subd. (b)(1).) The jury also found that defendant had two prior strike convictions. (§§ 667, subds. (c) & (e), 1170.12. subd. (e).) The court found that defendant had one prior prison conviction. (§ 667.5, subd. (b).) On count 1, the court sentenced him to state prison for life without parole, plus 10 years for the firearm enhancement. On count 2, it sentenced him to life with the possibility of parole, plus one year on the firearm enhancement, to be served concurrently with count 1. The court imposed but stayed the prior prison term enhancement under section 667.5, subdivision (b).

The California Department of Corrections and Rehabilitation (CDCR) subsequently identified defendant as an inmate who was serving a sentence that included

---

[1] All further statutory references will be to the Penal Code, unless otherwise indicated.

a prison prior enhancement under section 667.5, subdivision (b), which might no longer be valid under section 1172.75.**2**

On December 21, 2023, the court held a resentencing hearing. Defendant was not present, but was represented by counsel, and there was no court reporter present. The minute order reflects the following: "The Court finds that the defendant is not eligible for resentencing under section1172.75(d) and the Defendant's motion for resentencing is denied."**3**

## DISCUSSION

### The Court Erred in Finding Defendant Ineligible for Resentencing

Defendant argues the trial court erred in determining he was not entitled to a full resentencing under section 1172.75, subdivision (d). He contends that section 1172.75 should be construed to require a full resentencing since his sentence included a now invalid section 667.5, subdivision (b) enhancement, even though the punishment on the enhancement was stayed. The People contend that resentencing under section 1172.75 applies only to defendants with a prior prison term enhancement that was imposed and executed. We conclude the court erred in finding defendant ineligible for relief under

---

**2** By order dated September 9, 2024, this court granted defendant's request that we take judicial notice of the CDCR list dated June 16, 2022. Defendant is listed on page 35 of that document. (See defendant's request for judicial notice filed on August 19, 2024, and attached exhibits.)

**3** Although the minute order reflects the court denied defendant's motion, the record does not contain a resentencing motion. Furthermore, as noted, the CDCR included defendant on its list of inmates that fell within the provisions of section 1172.75. Thus, we will assume the matter was properly before the court and that defendant requested a full resentencing.

3

section 1172.75. Thus, we reverse the denial order and remand for a full resentencing hearing.

A. *Standard of Review*

"The proper interpretation of a statute is a question of law we review de novo." (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) Our fundamental task in construing a statute "is to ascertain the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin our inquiry by examining the statute's words, giving them a plain and commonsense meaning." (*People v. Mendoza* (2000) 23 Cal.4th 896, 907.) "[W]e look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]'" (*Id*. at pp. 907-908.) "We must harmonize 'the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole.'" (*Id*. at p. 908.)

B. *Relevant Law*

Prior to January 1, 2020, section 667.5, subdivision (b), required a sentencing court to impose a one-year sentencing enhancement "for each prior separate prison term" served by the defendant, unless the defendant remained free of both the commission of an offense resulting in a felony conviction and from prison custody for a period of five years following release from prison. (Former § 667.5, subd. (b).) This sentencing enhancement is commonly known as a prison prior enhancement.

Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) limited a sentencing court's ability to impose a prison prior enhancement only to those cases in

4

which the defendant's past convictions were for certain specified sexually violent offenses. (Stats. 2019, ch. 590, § 1.)

In 2021, the Legislature approved Senate Bill No. 483 (2021-2022 Reg. Sess.) for the stated purpose of "ensur[ing] equal justice and address[ing] systemic racial bias in sentencing" by "retroactively apply[ing] . . . Senate Bill [No.] 136 . . . to all persons currently serving a term of incarceration in jail or prison for [a] repealed [prison prior] sentence enhancement[]." (Stats. 2021, ch. 728, § 1.) To achieve this objective, Senate Bill No. 483 added section 1171.1 to the Penal Code, a statutory provision that was subsequently renumbered to section 1172.75 without substantive change. (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.) For purposes of this opinion, we will refer to this provision as section 1172.75.

Section 1172.75 prescribes the procedure for resentencing affected defendants. Subdivision (a) states, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).) The Secretary of the CDCR and the county correctional administrator must first identify individuals serving terms that include no-longer-valid enhancements and then provide certain information about those individuals to the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b).) Subdivision (c) instructs the court, upon receipt of such information, to "review the judgment and verify that the current judgment includes a sentencing enhancement described in [section 1172.75,]

5

subdivision (a).  If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant."  (§ 1172.75, subd. (c).)

Section 1172.75, subdivision (d), outlines the procedure applicable to the resentencing proceeding.  It states that "[r]esentencing . . . shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing . . . shall not result in a longer sentence than the one originally imposed."  (§ 1172.75, subd. (d)(1).)  Subdivision (d) requires the court to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (d)(2).)  It also directs the court to "consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

6

C. *Defendant is Entitled to a Full Resentencing*

The dispute here "centers around the meaning of the word 'imposed' as used in section 1172.75, subdivision (a), and, more specifically, whether a sentence enhancement pursuant to section 667.5, subdivision (b) that was imposed and stayed for a non-sexually-violent offense prior to January 1, 2020, is 'a sentencing enhancement described in subdivision (a)' of section 1172.75." (*People v. Christianson* (2023) 97 Cal.App.5th 300, 311 (*Christianson*), review granted Feb. 21, 2024, S283189, italics omitted.) The Courts of Appeal are divided on this question, and the issue is currently before the Supreme Court. (Compare *Christianson*, *supra*, 97 Cal.App.5th 300 [recall and resentencing is available when prison prior enhancement is imposed and stayed]; *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted Mar. 12, 2024, S283547 [same]; & *People v. Renteria* (2023) 96 Cal.App.5th 1276 [same], with *Rhodius*, *supra*, 97 Cal.App.5th 38 [recall and resentencing is only available when prison prior enhancement is imposed and executed].) We generally agree with the *Christianson* decision, which in our view sets forth the correct statutory interpretation of section 1172.75. (See *Christianson*, at pp. 311-315.)

Section 1172.75, subdivisions (a) and (c), provide that a defendant currently serving time on a judgment which includes a section 667.5, subdivision (b) enhancement imposed before January 1, 2020, is entitled to a full resentencing hearing. The court in *Christianson* explicated that, "[o]n its face, the word 'imposed,' in this context, is at least somewhat ambiguous. As our high court has explained, 'it is

7

important to understand that the word "impose" applies to enhancements that are "imposed and then *executed*" as well as those that are "imposed and then *stayed*. However, as a practical matter, the word 'impose' is often employed as shorthand to refer to the first situation, while the word 'stay' often refers to the latter.""" (*Christianson*, *supra*, 97 Cal.App.5th at p. 311.) Despite this apparent ambiguity, the *Christianson* court rejected the People's claim that the Legislature intended the word "'imposed,'" as used in section 1172.75, to be limited to enhancements that were imposed *and executed*. (*Christianson*, at p. 311.)

Further, as the court explained in *Christianson*, "[s]ection 1172.75 requires the CDCR to identify all inmates 'currently serving a term *for a judgment that includes* an enhancement described in subdivision (a).' [Citation.] A judgment may include a sentence that has been imposed but suspended or stayed. [Citations.] Thus, by its plain language, all that is required for the CDCR to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment, regardless of whether it is imposed or stayed. Had the Legislature intended for the language in subdivision (b) to limit the identification to those inmates that would necessarily be required to serve an additional term based on the enhancement, it certainly could have done so." (*Christianson*, *supra*, 97 Cal.App.5th at pp. 311-312.)

8

The court in *Christianson* noted that, "[t]he sentencing court must then '*verify* that *the current judgment includes a sentencing enhancement* described in subdivision (a).'" (*Christianson*, *supra*, 97 Cal.App.5th at p. 312; § 1172.75, subd. (c).) The court continued as follows: "At this point, the incorporation of subdivision (a) requires that the current judgment include a sentencing enhancement *imposed* pursuant to section 667.5, subdivision (b). However, the use of the word 'verify' suggests that the sentencing court is doing just that, verifying that the individual the CDCR identified is in fact an individual described by the statute, not looking to see if the inmate meets an additional requirement (i.e., that the enhancement is *imposed* and not stayed). It does not follow logic or reason to read these two subdivisions together in a manner that would require the CDCR to identify a larger class of inmates—all those serving time on a judgment that include a now invalid enhancement—only for the trial courts to then look at the same abstracts of judgment available to the CDCR to determine whether the previous court imposed additional time for, or stayed, the relevant enhancements." (*Christianson*, at p. 312.)

Finally, *Christianson* observed that the overarching "statutory scheme at issue here involves statutory amendments expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement described as exacerbating 'existing racial and socio-economic disparities in our criminal justice system.'" (*Christianson*, *supra*, 97 Cal.App.5th at p. 314.) The court noted that the resentencing procedures set forth in the statutory scheme promoted this legislative goal insofar as they "require that

9

the trial court conduct a full resentencing for those defendants impacted by the now invalid enhancement in light of all associated sentencing reform." (*Ibid.*) Given this legislative objective, the *Christianson* court inferred that the Legislature presumably "intended to provide broad relief to all defendants impacted by the now invalid section 667.5, subdivision (b) enhancements." (*Ibid.*)

We note that we respectfully disagree with one portion of *Christianson*. Acknowledging that section 1172.75, subdivision (d)(1), requires a trial court to impose a lesser sentence than originally imposed, *Christianson* rejected the notion that removing a stayed term does not result in a lesser sentence. (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.) Rather, the court concluded that even a stayed term has potential consequences to a sentence since the trial court "retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated." (*Ibid.*; accord, *Saldana*, *supra*, 97 Cal.App.5th at p. 1278 [stayed enhancement is part of sentence and remains available if its execution becomes necessary].) We disagree with this conclusion since a prison prior that was imposed before 2020, and was not for a sexually violent offense, is now legally invalid under section 1172.75, subdivision (a); thus, a court has no ability to lift a stay and impose such prison prior in the future.

In any event, in the instant case, there is no dispute defendant was serving time on a judgment which included a section 667.5, subdivision (b) enhancement that was not for a sexually violent offense. Section 1172.75 expressly provides that if a "current judgment includes an enhancement described in subdivision (a), the court shall recall the

10

sentence and resentence the defendant." (§ 1172.75, subd. (c).) Applying *Christianson* here, defendant is entitled to a full resentencing under section 1172.75. (§ 1172.75, subds. (a) & (c); see *Christianson*, *supra*, 97 Cal.App.5th at pp. 314-315.) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402; see *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances'"].) At resentencing, the court shall "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing" (§ 1172.75, subd. (d)(2)) and "consider postconviction factors" militating against continued incarceration (§ 1172.75, subd. (d)(3)).

The People ask us to follow *Rhodius*, *supra*, 97 Cal.App.5th 38, which held that the express language in section 1172.75, subdivision (d)(1), requiring the resentencing to "result in a lesser sentence than the one originally imposed as a result [of] the elimination of the repealed enhancement," combined with the legislative history behind the enactment of Senate Bill Nos. 136 and 483, require the conclusion that section 1172.75 does not invalidate prior prison term enhancements that were imposed but stayed. (*Rhodius*, at pp. 43-49.) *Rhodius* reasoned as follows: "Section 1172.75 subdivision (d)(1)'s requirement that the resentencing shall result in a lesser sentence

11

than the one originally imposed necessitates the conclusion that the repealed enhancement increased the length of the sentence. The only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed. If the repealed enhancement was imposed and stayed, the sentence would not have been increased, as was the case here." (*Id.* at p. 44.)

Although *Rhodius* was thoughtfully decided, we respectfully disagree with it. Rather, we agree with *Christianson*'s conclusion that section 1172.75 applies to cases in which the inmate's abstract of judgment includes a section 667.5, subdivision (b) enhancement "regardless of whether it is imposed or stayed." (*Christianson*, *supra*, 97 Cal.App.5th at pp. 305, 312.)

Under *Rhodius*, the word "imposed" in section 1172.75, subdivision (a), means "imposed and executed." Thus, the "imposed and stayed" prior convictions in that case were not "imposed" within the meaning of section 1172.75, subdivision (a). If that interpretation is correct, then the prison prior convictions would not be legally invalid, and the trial court should not have struck them. Yet, the trial court in *Rhodius* court did strike them, strongly inferring their invalidity, and the *Rhodius* court affirmed the trial court's action. In our view, section 1172.75 either applies or does not apply. The authority to strike the prior convictions comes only where section 1172.75 applies.

12

We also note that in *Rhodius*, the trial court "vacated the sentence for defendant's two section 667.5[, subdivision] (b) priors and ordered them stricken." (*Rhodius*, *supra*, 97 Cal.App.5th at p. 41.) Thus, the only issue was whether the court was required to give the defendant "a full resentencing hearing going beyond striking his two priors." (*Ibid*.) In contrast, the court here did not vacate defendant's prison prior enhancement at the resentencing hearing. Thus, the matter must be remanded for the court to vacate the prison prior and fully resentence defendant pursuant to section 1172.75, subdivisions (c) and (d).

Although the length of sentence does not change when a trial court vacates a now invalid prior conviction which was previously stricken,[4] the defendant, nevertheless, receives a significant benefit. To the extent the abstract of judgment will no longer show the prison prior conviction, the consequences of defendant's convictions are reduced. As a result of the court's action, the case will no longer reflect the prior conviction if a court assesses the appropriate disposition in any future case or on a violation of parole in the current case.

Finally, a careful review of section 1172.75 and its legislative history reveals that they each contain language favorable to an interpretation consistent with that taken by *Rhodius*, and they also each contain language favorable to an interpretation consistent with that taken in *Christianson*. We agree with the court in *People v. Espino* (2024) 104 Cal.App.5th 188, 198, review granted October 23, 2024, S286987, that under the rule of

---

[4] This assumes the judgment was final as of January 1, 2020, as Senate Bill No. 136 on its own is not retroactive to final judgments.

lenity, where the Legislature's intent cannot be determined, courts must prefer the interpretation that is most favorable to defendants.

We acknowledge the People's argument that the original sentencing court improperly stayed the sentence on the prior prison term enhancement, which resulted in an unauthorized sentence. (*People v. Langston* (2004) 33 Cal.4th 1237, 1241 ["trial court may not stay the one-year enhancement, which is mandatory unless stricken"].) However, the unauthorized nature of the sentence does not affect the conclusion that section 1172.75 mandates striking the now invalid prior prison enhancement and requires that defendant receive a full resentencing. (See *Christianson*, *supra*, 97 Cal.App.5th at pp. 316-317; *Saldana*, *supra*, 97 Cal.App.5th at pp. 1275-1276.)

In sum, we conclude the trial court erred in finding defendant ineligible for relief. The CDCR properly identified him as a person in custody "currently serving a term for a judgment that includes an enhancement described in [section 1172.75,] subdivision (a)." (§ 1172.75, subd. (b).) He was therefore entitled to a recall of his sentence and a full resentencing under the terms of section 1172.75, which would include the application of "any other changes in law that reduce sentences or provide for judicial discretion" (§ 1172.75, subd. (d)(2)) and consideration of "postconviction factors" militating against continued incarceration (§ 1172.75, subd. (d)(3)).

<u>DISPOSITION</u>

The denial order is reversed, and the matter is remanded to the trial court with instructions to recall defendant's sentence and conduct a full resentencing pursuant to section 1172.75, subdivisions (c) and (d), with defendant present absent a valid waiver.[5]

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>FIELDS</u>
J.

I concur:

<u>RAPHAEL</u>
J.

---

[5] The record indicates that defendant was not present at the resentencing hearing on December 21, 2023, although he was represented by counsel. Since the matter is being remanded for a full resentencing, defendant has the right to be present at the hearing, unless he waives his presence. (*People v. Cutting* (2019) 42 Cal.App.5th 344, 348-349; *People v. Velasco* (2023) 97 Cal.App.5th 663, 673-674.)

[*People v. Rodriguez*, E083313]

RAPHAEL, J., concurring.

I agree with the majority opinion and join it in full except for its single paragraph stating disagreement with a point in *People v. Christianson* (2023) 97 Cal.App.5th 300. (Maj. opn., *ante*, at p. 10.) *Christianson* is correct. Explaining its reasoning helps explain why the People's position is not what the Legislature intended.

*Christianson* correctly recognized: "When a punishment is stayed, as opposed to stricken, the trial court retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.) This is the proper reason for a trial court to stay prison time on an enhancement while still imposing it. As our division has explained, the stay exists so if "one of the two punishments is invalidated, the defendant will still be subject to the remaining one." (*People v. Lopez* (2004) 119 Cal.App.4th 355, 365.) If the other term is invalidated, we stated, the stayed punishment would be " 'revived by operation of law.' " (*Ibid*.) A resentencing would not be essential; even on appeal, we could "impose the correct alternative sentence ourselves." (*Ibid*.; see *People v. Alford* (2010) 180 Cal.App.4th 1463, 1469 ["if the unstayed sentence is reversed, a valid sentence remains extant"]; *People v. Begnaud* (1991) 235 Cal.App.3d 1548, 1553 ["When the principal term was reversed, the stay was removed and the full middle term became the sentence."].)

1

For one-year prison prior enhancements, trial courts properly stayed their punishment when imposing punishment on another enhancement based on the same conviction. If that other enhancement were invalidated, the stayed one-year sentence on the prison prior could be executed as a replacement, with no resentencing necessary. The sole function of imposing-and-*staying* the latter punishment, instead of imposing-and-*striking* it (see section 1385, subdivision (b)(1))[1] is to ensure that the punishment can be executed by lifting the stay.

*Before* the Legislature made its abolition of prison priors retroactive by enacting section 1172.75, all prison priors imposed before 2020 remained valid components of a judgment, whether the punishment was stayed or executed. Defendants would serve prison time on executed enhancements. And, at that time, it would not seem incongruous for punishment to be executed by lifting the stay on a one-year enhancement if, for instance, a five-year enhancement on the same conviction were invalidated.

Once the Legislature enacted section 1172.75, any defendant with a prison prior invalidated by section 1172.75, subdivision (a), qualifies for resentencing. In the majority's view (and *Christianson*'s, and mine), all prison priors "imposed" in the judgment are covered by section 1172.75, subdivision (a), whether the punishment on those enhancements was executed or stayed. For defendants with such an enhancement, courts must follow the terms of section 1172.75 and recall the defendant's sentence and resentence the defendant. The resentencing is to be under current law (see § 1172.75,

---

[1] Undesignated statutory citations are to the Penal Code.

2

subd. (d)(2)), so no prison prior can be imposed at the resentencing. With section 1172.75 enacted, it *would* be incongruous if (as earlier) punishment could be executed on a prison prior by removing a stay, as the same punishment would not be served if it originally had been executed. Under our view, then, *Christianson* also correctly stated that a defendant who was resentenced by "removing the stayed term from the abstract of judgment" would now have a "lesser" sentence than the one originally imposed. (*Christianson*, *supra*, 97 Cal. App. 5th at p. 312.)

The majority opinion states that it disagrees with *Christianson* because a prison prior enhancement imposed before 2020, not for a sexually violent offense, "is now legally invalid under section 1172.75, subdivision (a); thus, a court has no ability to lift a stay and impose such prison prior in the future." (Maj. opn., *ante*, at p. 10.) It is correct that a court cannot do this, and I do not read *Christianson* to disagree. Prison priors cannot be imposed "in the future" (or now) because they were invalidated prospectively even before section 1172.75. For any prison prior covered by section 1172.75, subdivision (a), the defendant's sentence is recalled and the defendant is resentenced. The prison prior cannot be imposed at that resentencing. This is section 1172.75's procedure: any enhancement declared "legally invalid" by section 1172.75, subdivision (a), is removed through a full resentencing where it cannot be re-imposed.

To prevail here, the People must argue that the stayed-punishment enhancements are *not* rendered legally invalid by section 1172.75, subdivision (a). If the People are correct, there would be no resentencing of the defendant. Those enhancements would

3

remain in the judgment just as before section 1172.75 was enacted. The defendant would not qualify for a resentencing, and section 1172.75 provides no other type of relief. It would be just as if the Legislature declared expressly in section 1172.75 that prison prior enhancements with stayed sentences remain valid. In that situation, as before section 1172.75, the stayed one-year prison prior sentence could become executed " 'by operation of law' " if an unstayed component of the sentence were invalidated. (*People v. Lopez*, *supra*, 119 Cal.App.4th at p. 365.)

I do not think the Legislature intended this, and neither does the majority opinion or *Christianson*. We construe section 1172.75, subdivision (a), as invalidating these enhancements. This conclusion is compelling enough that the People have, in some cases, suggested "partially applying section 1172.75" by conceding that stayed-punishment enhancements *are* legally invalid under subdivision (a), but arguing that the defendants still do not merit the resentencing that the statute requires. (See *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1275.) This, I think, simply shows the cogency of the conclusion that all prison priors in the judgment are invalidated under section 1172.75, subdivision (a). That means a resentencing. *Christianson* is correct.

RAPHAEL          

J.

[*People v. Rodriguez*, E083313]

McKINSTER, Acting P. J., dissenting:

I continue to adhere to our decision in *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169.  *Christianson*'s reasoning is, as the majority concede, at least in some degree flawed; *Christianson* erroneously asserts that a court could impose punishment on a prior prison term enhancement *at some point in the future*.  (*People v. Christianson* (2023) 97 Cal.App.5th 300, review granted Feb. 21, 2024, S283189.)

Contrary to *Christianson*'s implication, punishment on the enhancement here could *never subsequently* be imposed because the law has invalidated such enhancements unless they are for qualifying sexually violent offenses, which is inapplicable.  (*People v. Mayberry* (2024) 102 Cal.App.5th 665, 676, review granted Aug. 14, 2024, S285853.)  Thus, defendant was not entitled to a full resentencing hearing because he was not serving time for a Penal Code section 667.5, subdivision (b) enhancement, time on the enhancement could now never be imposed, and striking the enhancement would not result in a lesser sentence than the one originally imposed.

To interpret the law to permit relief to a person who was "lucky" enough to *only* have punishment on his enhancement stayed but not to someone who was "unfortunate" enough to have his enhancement *completely* stricken strains credulity.  Therefore, I would affirm the order denying defendant a full resentencing hearing.

McKINSTER
                                 Acting P. J.

1