Filed 6/17/16  P. v. Jose CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063253 |
| v. | (Super.Ct.No. SWF1301990) |
| JUSTIN LEE JOSE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed in part; reversed in part with directions.

Alex Kreit, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Michael Pulos, and Daniel Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

1

I

INTRODUCTION

Defendant Justin Lee Jose appeals from a postjudgment order sentencing defendant to the middle term of two years for an identity fraud conviction (Pen. Code, § 530.5, subd. (a)).[1]  The term was doubled to 48 months because defendant had a strike prior.  Originally, the trial court imposed a 60-month aggregate sentence in which defendant was sentenced to eight months for the identity fraud conviction, doubled for the strike prior, as a subordinate term to the principal term of 44 months for a conviction for receiving stolen property.  The two crimes were charged separately, and defendant entered separate pleas, agreeing to a 44-month sentence for the receiving stolen property felony and 16 months for the identity fraud crime.

After Proposition 47 passed, defendant was resentenced on the receiving stolen property felony.  When it came to the trial court's attention that it had overlooked adjusting defendant's sentence on the stand-alone, subordinate count, the trial court increased defendant's 16-month sentence for identity fraud to 48 months because the identity fraud felony no longer was a subordinate felony.

Defendant contends the trial court lacked jurisdiction to increase his sentence on the identity fraud felony to 48 months because the judgment had become final and the felony is not subject to resentencing under Proposition 47.  Defendant also argues the 48-month sentence violated the 16-month term agreed to in the plea agreement, and the court

_____

[1]  All statutory references are to the Penal Code unless otherwise indicated.

2

violated his due process right to be present when his sentence was increased from 16 months to 48 months on the identity fraud conviction. Defendant further argues that, if the court had jurisdiction to increase his sentence, he should have been given the opportunity to decide whether to withdraw from the plea agreement.

We conclude the trial court had jurisdiction to change defendant's sentence on the identity fraud felony because the court had jurisdiction under Proposition 47 to resentence defendant on the receiving stolen property felony. Both felonies were originally sentenced together, with the trial court imposing an aggregate sentence. When the receiving stolen property felony was reduced to a misdemeanor and no longer was the principal term, the trial court was authorized to change the sentence on the remaining identity fraud felony, which could no longer be sentenced as a subordinate count. However, because defendant pled guilty to identity fraud on the condition his sentence not exceed 16 months, the trial court could not impose a sentence exceeding the agreed upon maximum 16-month term for identity fraud. We therefore conclude the trial court abused its discretion in increasing defendant's term for identity fraud to 48 months, and remand this case for resentencing.

II

FACTS AND PROCEDURAL BACKGROUND

**Case 1 Plea Agreement**

In superior court case No. RIF 1306233 (Case 1), defendant agreed in a form plea agreement, signed by the parties on July 24, 2013, to plead guilty to violating section 496, subdivision (a) (count 1) and to admit the attached prior strike. The parties agreed in

3

the plea agreement to a maximum possible custody commitment of three years for the charge and enhancement. The People agreed to dismissal of all remaining charges and enhancements not admitted by defendant. The parties further agreed defendant's guilty plea was conditional on denial of formal probation; defendant would be sentenced to the lower term, plus one prison prior (32 months, plus 12 months), for a total term of 44 months or three years eight months; and defendant's term in Case 1 would not exceed three years eight months. In accordance with the plea agreement, on July 24, 2013, defendant pled guilty to, and was convicted of, receiving stolen property (§ 496, subd. (a)), with a strike prior.

**Case 2 Plea Agreement**

The next day, on July 25, 2013, the district attorney filed a separate criminal complaint against defendant, superior court case No. SWF1301990 (Case 2), charging defendant with unlawfully obtaining the personal information of another person, in violation of section 530.5, subdivision (a) (identity fraud), with priors and a strike (§§ 667.5, subd. (b), 667, subds. (c) & (e), and 1170.12, subd. (c)(1)).

On September 5, 2013, defendant and the People executed a form plea agreement in Case 2, wherein defendant agreed to plead guilty to violating section 530.5, subdivision (a), and admit the attached prior strike. The parties agreed in the plea agreement to a maximum possible custody commitment of 16 months, one-third the middle term, doubled. The People agreed to dismissal of all remaining charges and enhancements not admitted by defendant. The parties further agreed defendant's guilty plea was conditional on defendant being sentenced to the middle term of 16 months,

4

consecutive to the sentence in Case 1. Accordingly, on September 5, 2013, in Case 2, defendant pled guilty to committing identity theft on May 4, 2013, and admitted having a prior strike.

**Aggregate Sentence in Cases 1 and 2**

Right after defendant pled guilty in Case 2, the trial court sentenced defendant jointly in Cases 1 and 2, to an aggregate term of 60 months. Beginning with the felony of receiving stolen property in Case 1, which the court deemed the principal count, the court sentenced defendant to the low term of 16 months, doubled to 32 months based on defendant's strike. The trial court added 12 months for defendant's prison prior, for a total sentence in Case 1 of 44 months (three years eight months). The trial court further ordered counts 2 through 6 dismissed and priors 2 and 3 stricken.

During the same sentencing hearing on September 5, 2013, the trial court also sentenced defendant in Case 2, noting the case was subordinate to Case 1 and therefore defendant was ordered to serve one-third the two-year midterm, consecutive to the sentence imposed in Case 1. The court sentenced defendant in Case 2 for the identity theft felony, to eight months, doubled to 16 months for defendant's strike. The court ordered the 16-month sentence in Case 2 to be served consecutive to the 44-month sentence imposed in Case 1.

**Proposition 47 Resentencing**

On March 2, 2015, after Proposition 47 passed in November 2014, the trial court in Case 1 granted defendant's petition for resentencing under Proposition 47 and reduced defendant's felony conviction for receiving stolen property to a misdemeanor. The trial

5

court resentenced defendant in Case 1 to 364 days in jail for the misdemeanor. Defendant was given 364 custody credits and ordered released on parole in Case 1.

On March 9, 2015, Donna Gillespey, a correctional case records analyst at the Department of Corrections and Rehabilitation (DOC), Division of Adult Institutions Legal Processing Unit, sent the trial court a letter, filed on March 10, 2015, notifying the court that a "review of the documents delivered with the above-named inmate [defendant] indicates the Abstract of Judgment and/or Minute Order may be in error, or incomplete."

Gillespey noted in her letter that the principal count in Case 1 had been reduced to a misdemeanor under Proposition 47. This left the subordinate term in Case 2 a stand-alone subordinate term. Gillespey suggested in her letter that, because the principal felony in Case 1 had been reduced to a misdemeanor, the trial court must impose a full term sentence on the remaining felony in Case 2. Gillespey requested the court to review the case file and expeditiously respond, because defendant's release was imminent. Gillespey further stated in the letter that, "When notified by the Department of Corrections and Rehabilitation that an illegal sentence exists, the trial court is entitled to reconsider all sentencing choices." A copy of the letter was provided to the district attorney, public defender, and defendant.

On March 10, 2015, the trial court conducted an ex parte hearing re: correction of sentence in Case 2. Counsel for the People and defendant were present at the hearing. Defendant was not present. The court noted during the hearing that the court had received the DOC letter because defendant had been resentenced on the principal count in Case 1 under Proposition 47. The DOC letter therefore requested the trial court to correct

6

sentencing on the remaining subordinate term in Case 2. The prosecutor recommended imposing the midterm of two years doubled on the identity theft felony in Case 2. Defense counsel requested the low term, doubled.

The trial court noted defendant originally was sentenced to 44 months in Case 1 and 16 months in the subordinate case, Case 2. The court explained that if it imposed the full middle term doubled (four years), defendant would still benefit from Proposition 47, and the sentence would take into account defendant's record and the prison prior that was eliminated in Case 1 under Proposition 47. The trial court stated that defendant's record included six other felony cases, three prison priors, and a strike prior. After hearing from the prosecutor and defense counsel, the trial court changed defendant's sentence in Case 2 from 16 months, to the full midterm of two years as the principal term, doubled to four years (48 months), because of the strike prior.

Defendant filed a notice of appeal of the postjudgment sentencing order entered on March 10, 2015, in Case 2.

III

JURISDICTION

Defendant contends the trial court did not have jurisdiction to resentence defendant in Case 2 for identity fraud because the identity fraud conviction was entered in a separate case than the receiving stolen property felony resentenced under Proposition 47. Defendant argues that, even though the trial court had jurisdiction to resentence defendant under Proposition 47 in Case 1 for the receiving stolen property felony, under

7

the Proposition 47 judgment finality clause, the trial court did not have jurisdiction to resentence him on the identity fraud felony in Case 2.

A. *Proposition 47*

On November 4, 2014, the voters of California approved Proposition 47, entitled "the Safe Neighbors and Schools Act." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).) Proposition 47 made certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses were previously designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors). (*Id.* at pp. 1089, 1091; § 1170.18, subds. (a) and (b).)

Section 496, which criminalizes receiving stolen property, was among the statutes amended by Proposition 47. Before Proposition 47 went into effect on November 5, 2014, receiving stolen property was a "wobbler" offense, chargeable as a felony or a misdemeanor (*People v. Ceja* (2010) 49 Cal.4th 1, 7), even if the value of the stolen property was less than $950. (Former § 496 [eff. October 1, 2011, to Nov. 4, 2014]; see § 17.) Proposition 47 reduced the crime of receiving stolen property to a misdemeanor, "punishable only by imprisonment in a county jail not exceeding one year," provided that the value of the stolen property does not exceed $950 and the defendant does not have a prior conviction for a strike offense listed in section 667, subdivision (e)(3)(C)(iv), or a sex offense requiring registration pursuant to section 290, subdivision (c). (§ 496, subd, (a).)

8

Proposition 47 did not amend section 530.5, which criminalizes identity fraud. (See § 1170.18, subds. (a) & (b), listing statutes amended or added by Proposition 47.) A violation of section 530.5 remains a wobbler, chargeable as either a felony or a misdemeanor and punishable accordingly. (§§ 530.5; 1170, subd. (h), and 17.)

Proposition 47 added a new sentencing provision, section 1170.18, which provides that a person, who is currently serving a felony sentence for an offense that is a misdemeanor under Proposition 47, may petition for recall of that sentence and resentencing in accordance with Proposition 47. (§ 1170.18, subds. (a)-(e); *Rivera, supra,* 233 Cal.App.4th at pp. 1092, 1099.)[2] If the defendant satisfies the resentencing criteria of section 1170.18, the defendant shall have his or her sentence recalled and be resentenced to a misdemeanor "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

Section 3 of Proposition 47 states that the "purpose and intent of the people of the State of California" in enacting the Act to: "[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession," "[a]uthorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors," "save significant state corrections dollars on an annual basis . . . [and] increase investments in programs that reduce crime

---

[2] Section 1170.18 also provides that a person who has *completed a felony sentence* for an offense that is now a misdemeanor under Proposition 47 may petition the trial court "to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subds. (f), (g), and (h).)

9

and improve public safety, such as prevention programs in K-12 schools, victim services, and mental health and drug treatment." (Voter Information Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, p. 70, § 3, subds. (3), (4), (6).) The electorate also directed that Proposition 47 "'shall be liberally construed to effectuate its purposes.'" (*Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1222.)

*B. Discussion*

It is undisputed defendant was eligible to be resentenced under Proposition 47 on his felony conviction in Case 1 for receiving stolen property, because that crime would have been a misdemeanor had section 496, as amended by Proposition 47, been in effect when defendant committed the crime. (§§ 496, subd. (a); 1170.18, subd. (a).) Defendant's conviction for identity fraud in Case 2 is not one of the felonies qualifying for resentencing under Proposition 47, but was originally sentenced as part of an aggregate sentence, in which the identity fraud sentence was a subordinate term impacted by resentencing on the receiving stolen property crime.

Defendant argues that under the Proposition 47 judgment finality clause, section 1170.18, subdivision (n), the trial court did not have jurisdiction to change his identity fraud sentence. Section 1170.18, subdivision (n) provides: "Nothing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act." This provision does not apply here to defendant's aggregate sentence, in which the principal count is subject to Proposition 47 resentencing and has been reduced to a misdemeanor. (*People v. Sellner* (2015) 240 Cal.App.4th 699, 702 (*Sellner*); *People v. Begnaud* (1991) 235 Cal.App.3d 1548, 1552 (*Begnaud*).)

10

Section 1170.1, subdivision (a) directs regarding aggregate sentencing that, "when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements. . . . The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, . . ."

An "aggregate prison term cannot be viewed as a series of separate independent terms, but rather must be viewed as one prison term made up of interdependent components [so that t]he invalidity of some of those components necessarily infects the entire sentence." (*People v. Savala* (1983) 147 Cal.App.3d 63, 68-69, disapproved on another ground in *People v. Foley* (1985) 170 Cal.App.3d 1039, 1044, 1046-1047; see *People v. Martinez* (2015) 240 Cal.App.4th 1006, 1017, fn. 8 (*Martinez*), and *People v. Hayes* (1992) 3 Cal.App.4th 1238, 1250, fn. 8 [trial court retains jurisdiction over entire cause to modify sentence upon reversal of conviction underlying principal term].)

As explained in *People v. Hill* (1986) 185 Cal.App.3d 831, 834, "When a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme. Not limited to merely striking illegal portions, the trial court may reconsider all sentencing choices. [Citations.] This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up

11

of interdependent components.  The invalidity of one component infects the entire scheme."  (See *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1257-1258.)

Quoting this language, the court in *People v. Garner* (2/16/2016), 2016 Cal.App. LEXIS 110 (*Garner*), recently concluded regarding resentencing under Proposition 36 (the Three Strikes Reform Act of 2012),[3] that "Proposition 36, too, provides for a 'recall of sentence' upon a timely petition.  (§ 1170.126, subd. (b).)  We see no reason why a 'recall' of sentence under Proposition 36 should not be treated as akin to a 'recall' of sentence under section 1170, subdivision (d).  Presumably, the voters were aware of the meaning of the term 'recall' as used in criminal sentencing, and of judicial decisions applying that term."  (*Garner,* at pp. 7-8.)  The court in *Garner* held that, upon granting a Proposition 36 petition seeking sentence recall and resentencing, the trial court had authority to exercise discretion to reconsider all aspects of the aggregate sentence, not only the illegal portions.  (*Ibid.*)  Likewise, we conclude that, upon granting a Proposition 47 petition seeking sentence recall and resentencing, the trial court had authority to exercise discretion to reconsider all aspects of defendant's aggregate sentence, including modifying the sentence on defendant's identity fraud conviction.

Defendant's plea agreement in Case 2 (identity fraud) indicates that the parties to the plea agreement in Case 2 agreed that the identity fraud felony would be treated as a subordinate term, with imposition of a sentence on the felony of one-third the middle term.  After the passage of Proposition 47, the identity fraud term could no longer be

---

[3]  Section 1170.126.

imposed as a subordinate term because under Proposition 47, the trial court reduced the principal count of receiving stolen property felony to a misdemeanor. This resulted in the sole remaining felony, identity fraud, becoming the principal count. Under such circumstances the trial court had jurisdiction, not only to resentence defendant in Case 1 on the receiving stolen property felony under Proposition 47, but also to modify the sentence for identity fraud in Case 2, because the two felonies were initially sentenced together in a single proceeding, with the trial court imposing an aggregate sentence.

IV

VIOLATION OF PLEA AGREEMENT SENTENCE LIMIT

Defendant argues that, even assuming the trial court had jurisdiction to resentence defendant in Case 2 on the identity fraud felony, the trial court abused its discretion by increasing his 16-month sentence for identity fraud to 48 months. Defendant relies on section 1170.18, subdivision (e) for the proposition that, when resentencing under Proposition 47, the trial court cannot impose a sentence greater than originally imposed.

A. *Prior Sentence Limit*

Section 1170.18, subdivision (e), states: "Under no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence." The court in *Sellner*, held that this provision imposed by Proposition 47 does not trump the statute providing for sentencing imposed on subordinate terms, nor does it govern aggregate consecutive sentences which are treated as interlocking pieces of an inclusive, comprehensive sentence. (*Sellner, supra,* 240 Cal.App.4th at p. 702.)

In *Sellner*, the defendant appealed an order resentencing her to two years for receiving stolen property. (§ 496.) In 2014, before the passage of Proposition 47, the defendant was sentenced under section 1170.1, subdivision (a), to eight months, one-third the two-year midterm, in case No. 2011005319 (Case B). The sentence was to be served consecutive to a three-year principal term in case No. 2014007685 (Case A).[4] The trial court denied the defendant's request for resentencing under Proposition 47 in Case B but granted resentencing in Case A, and reduced the felony conviction in Case A to a misdemeanor (§ 1170.18). With the sentence in Case A no longer the principal term, the sentence in Case B was no longer subordinate. As a consequence, the trial court increased the defendant's sentence in Case B from eight months (as a subordinate term) to two years. The *Sellner* defendant argued that the trial court could not lawfully "resentence" her to two years in Case B. Rather, the trial court should have sentenced her to eight months in county jail. The *Sellner* court disagreed. (*Sellner, supra,* 240 Cal.App.4th at p. 701.)

The court in *Sellner* rejected the defendant's contention the trial court lacked jurisdiction to resentence. Quoting *Begnaud, supra,* 235 Cal.App.3d at page 1552, the *Sellner* court explained: "Section 1170.1, subdivision (a) creates an exception to the general rule that jurisdiction ceases when execution of sentence begins. '[W]hen a

---

[4] It appears from viewing the text as a whole in *Sellner*, that there are a couple of instances in which the *Sellner* court misidentified the case numbers of the principal and subordinate cases (2011005319 and 2014007685), which we refer to as Case A and Case B, to avoid confusion. The case numbers in the *Sellner* decision appear to have been erroneously interchanged, and on one occasion case No. 2014007685 is referred to as "2014007605." (*Sellner, supra,* 240 Cal.App.4th at p. 701.)

14

defendant is sentenced consecutively for multiple convictions, whether in the same proceeding or in different proceedings, the judgment or aggregate determinate term is to be viewed as interlocking pieces consisting of a principal term and one or more subordinate terms. (§ 1170.1, subd. (a).)'" (*Sellner, supra,* 240 Cal.App.4th at p. 701.) The *Sellner* court further explained that the eight-month sentence was a subordinate consecutive term to the three-year sentence in Case A. The court indicated that, because the trial court modified the principal sentence in Case A under Proposition 47, the trial court not only was vested with jurisdiction to resentence in Case B, it was required to do so. (*Sellner* at p. 701; *Begnaud,* at p. 1552.) The *Sellner* court notes that in Case B the defendant "was not strictly 'resentenced' but, instead, ordered to serve the sentence originally imposed, two years' county jail." (*Sellner* at p. 702.)

Here, as in *Sellner, supra,* 240 Cal.App.4th 699, the trial court had jurisdiction to change defendant's sentence imposed on the identity fraud conviction in Case 2, even though the offense was charged and pled separately from the conviction for receiving stolen property in Case 1. The trial court originally imposed an aggregate sentence on the two crimes, with sentencing on the identity fraud count treated as a subordinate term. After the principal count was reduced to a misdemeanor under Proposition 47, the trial court had jurisdiction to resentence defendant on identity fraud because it was no longer a subordinate count and no longer could be sentenced as such.

As in the instant case, in *Sellner*, the defendant further argued the trial court could not impose on the subordinate count a sentence greater than the original term. The *Sellner* court rejected this contention, stating: "Were one to put horse blinders on and

15

view only the sentence in case No. 2011005319 [Case B], appellant would be correct. We must, however, look at the big picture. The initial aggregate sentence was three years eight months. Two years is less than that and thus, appellant received a lesser sentence. When the principal term is no longer in existence, the subordinate term must be recomputed. That is the case here. As long as the recomputed term is less than the prior aggregate term, the defendant has not been punished more severely for the successful filing of a Proposition 47 petition." (*Sellner, supra,* 240 Cal.App.4th at p. 702; *Begnaud, supra,* 235 Cal.App.3d at p. 1552.)

Under *Sellner*, the maximum sentence the trial court could impose in the instant case upon resentencing defendant under Proposition 47 on the identity fraud felony was the 60-month term imposed for the aggregate sentence. This is what the trial court concluded in the instant case, and therefore the court imposed a 48-month term for identity fraud, the full midterm, doubled for the prior strike.

## B. *Plea Agreement Maximum Sentence Limit*

It is unclear in *Sellner* whether the defendant pled guilty or whether there were separate plea agreements for each felony. For this reason, *Sellner* is not dispositive in the instant case. The *Sellner* defendant did not raise, and the *Sellner* court did not decide, the issue raised here of whether a trial court resentencing under Proposition 47 can impose a sentence greater than that agreed to in a plea bargain.

The plea bargaining process "'which has received statutory and judicial authorization as an appropriate method of disposing of criminal prosecutions contemplates an agreement negotiated by the People and the defendant and approved by

16

the court . . . . Pursuant to this procedure the defendant agrees to plead guilty in order to obtain a reciprocal benefit, generally consisting of a less severe punishment than that which could result if he were convicted of all offenses charged.'

"Critical to plea bargaining is the concept of reciprocal benefits. When either the prosecution or the defendant is deprived of benefits for which it has bargained, corresponding relief will lie from concessions made. . . . [A] judgment contrary to the terms of a plea bargain may not be imposed without affording the defendant an opportunity to withdraw his guilty plea. [Citations.] . . . [W]hen the defendant withdraws his guilty plea or otherwise succeeds in attacking it, counts dismissed pursuant to a plea bargain may be restored. [Citations.] [¶] The question to be decided, then, is whether the prosecution has been deprived of the benefit of its bargain by the relief granted herein." (*People v. Collins* (1978) 21 Cal.3d 208, 214-215 (*Collins*).)

In the instant case, defendant argues the trial court cannot exceed the 16-month sentence he agreed to in the identity fraud case. Defendant's plea agreement reflects that, when defendant and the People entered the plea agreement, they assumed the identity fraud term would be subordinate to the principal term for receipt of stolen property. Therefore the agreed upon identity fraud term was 16 months, one-third the statutory midterm for identity fraud. Defendant asserts he is entitled to specific performance of this 16-month plea agreement term. Defendant alternatively argues that if this court concludes the trial court had jurisdiction to resentence him to 48 months for the identity fraud conviction, he must be given the opportunity to decide whether to withdraw from

17

the plea agreement or accept the new sentence, because the 48-month sentence exceeds the term he agreed to in the plea agreement.

The People argue the trial court could not legally alter the specified prison term unilaterally because the parties entered into a plea agreement for a specified 16-month term of imprisonment for the identity fraud conviction. The People state in their respondent's brief: "Because the People and appellant agreed on the term of 16 months for the identify-fraud conviction, the superior court was not permitted to alter it unilaterally." The People agree with defendant that "the court was not permitted to resentence [defendant] to the full middle term because that violates the terms of the plea agreement." The People further argue that because reinstating the 16-month term would deprive the People of the benefit of their bargain, and because defendant's receiving stolen property conviction was reduced to a misdemeanor under Proposition 47, the People are entitled to withdraw from both plea agreements and pursue any of the unadjudicated or dismissed charges. The People agree that reversal and remand are required.

Since this is not the People's appeal, we only will consider the objections raised by defendant. Withdrawing the plea or setting aside the sentence in Case 1 (the receiving stolen property case) is not before this court in this appeal. The issue here is whether, after reducing the receiving stolen property felony to a misdemeanor under Proposition 47, the trial court could lawfully increase the remaining stand-alone subordinate term imposed on the identity fraud felony beyond the 16-month term agreed to in the plea agreement.

The People argue that under *Collins, supra,* 21 Cal.3d 208, when a change in the law alters the People's benefit received as part of a plea bargain, the proper remedy is to allow the People to withdraw from the plea bargain. The People's reliance on *Collins* is misplaced. In *Collins*, the defendant pled guilty to one count of oral copulation between consenting adults in return for dismissal of 14 other counts against him. Before the defendant was sentenced, the Legislature repealed the statute proscribing the crime to which the defendant pled guilty. The trial court nevertheless sentenced the defendant to prison for the crime. Because defendant's conduct was no longer a crime at the time of sentencing, the court in *Collins* reversed the judgment, with directions to dismiss the count. (*Id.* at pp. 212, 214.)

In dicta, the *Collins* court provided guidance to the trial court on whether on remand the People could withdraw from the plea agreement and reinstate the dismissed charges. The *Collins* court concluded that the People could do so because of the Legislature's intervening act in decriminalizing the conduct for which the defendant was convicted and sentenced under the plea agreement. This destroyed "a fundamental assumption underlying the plea bargain — that defendant would be vulnerable to a term of imprisonment. The state may therefore seek to reestablish defendant's vulnerability by reviving the counts dismissed." (*Collins, supra,* 21 Cal.3d at p. 215.)

The *Collins* court notes that "[t]he state, in entering a plea bargain, generally contemplates a certain ultimate result; integral to its bargain is the defendant's vulnerability to a term of punishment. . . . '"Both the state and the defendant may profit from a plea bargain. The benefit to the defendant from a *lessened punishment* does not

19

need elaboration . . . .' (Italics added.) When a defendant gains *total relief from his vulnerability to sentence*, the state is substantially deprived of the benefits for which it agreed to enter the bargain. Whether the defendant formally seeks to withdraw his guilty plea or not is immaterial; it is his escape from vulnerability to sentence that fundamentally alters the character of the bargain." (*Collins, supra,* 21 Cal.3d at p. 215; italics added.)

The *Collins* court added that the defendant was also entitled to the benefit of the plea bargain, because he challenged the judgment based on external events; that of the Legislature decriminalizing the crime to which he pled guilty. The *Collins* court fashioned the following remedy intended to restore to the People and the defendant the benefits for which they bargained: "permitting the state to revive one or more of the dismissed counts, but limiting defendant's potential sentence to not more than three years in state prison, the term of punishment set by the Community Release Board pursuant to the determinate sentencing act." (*Collins, supra,* 21 Cal.3d at p. 216.)

*Collins* is distinguishable in a number of ways. *Collins* does not involve resentencing under Proposition 47 and, in the instant case, neither the receiving stolen property crime nor the identity fraud crime was eliminated by the Legislature. Although Proposition 47 impacted the aggregate sentence in the instant case by reducing the principal term to a misdemeanor, both crimes remain punishable offenses. Unlike in *Collins*, the trial court retained authority to sentence defendant on both counts, although not to as great an extent as believed possible when the plea agreements were entered. The People benefited from defendant remaining vulnerable to punishment for the identity

20

fraud crime and defendant benefited from the sentencing limit on his identity fraud conviction. Because both parties retained the benefit of the bargain, neither defendant nor the People may set aside the plea bargain agreement on the identity theft count.

Furthermore, under *Doe v. Harris* (2013) 57 Cal.4th 64, 73, a plea agreement is ""'"deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. . . ."'"" (*Ibid.*, quoting *People v. Gibson* (2004) 117 Cal.App.4th 1065, 1070.) Thus, "[i]t follows, also as a general rule, that requiring the parties' compliance with changes in the law made retroactive to them does not violate the terms of a plea agreement, nor does the failure of the plea agreement to reference the possibility the law might change translate into an implied promise the defendant will be unaffected by a change in the statutory consequences attending his or her conviction. To that extent, then, the terms of the plea agreement can be affected by changes in the law." (*Doe,* at pp. 73-74; *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 888-889, fn. 10 (*Johnson*) [requiring the parties' compliance with changes in the law made retroactive to them does not violate the terms of their plea agreement].)

In *Doe v. Harris, supra,* 57 Cal.4th 64, the defendant pled guilty to a single count of committing lewd and lascivious acts upon a child (former § 288, subd. (a)) in exchange for the dismissal of five other sex crimes. Former section 290 at that time required persons convicted of specified sex offenses to register and provide their fingerprints and photographs. (Former § 290, subd. (e).) The statute also stated: "The statements, photographs, and fingerprints herein required shall not be open to inspection

21

by the public or by any person other than a regularly employed peace or other law enforcement officer." (Former § 290, subd. (i).) The Legislature later adopted "Megan's Law" (§ 290.46, added by Stats.2004, ch. 745, § 1, pp. 5798-5803), which provides a means by which the public can obtain the names, addresses, and photographs of the state's registered sex offenders. The Legislature further made the public notification provisions retroactive and thus applicable to Doe's conviction. (§ 290.46, subd. (m).) Our high court in *Doe v. Harris* rejected the defendant's contention that requiring him to comply with the amended law's public notification provisions would violate his plea agreement. (*Doe,* at p. 73.)

Here, Proposition 47 retroactively changed the statutory consequences of defendant pleading guilty to receiving stolen property. When defendant's receiving stolen property conviction became a misdemeanor under Proposition 47, the identity fraud sentence was no longer subordinate to a felony. Therefore defendant was eligible for modification of his identity fraud sentence. The long-standing principle that a court has no authority to modify a plea agreement absent the consent of both parties (*Segura, supra,* 44 Cal.4th at p. 931) is inapplicable here where a change in the law under Proposition 47 retroactively modified the consequences of the parties' plea agreement, including the agreed-upon convictions and sentencing "for the public good and in pursuance of public policy." (See *Doe v. Harris, supra,* 57 Cal.4th at pp. 69-74.)

We recognize that in *Harris v. Superior Court* (2015) 242 Cal.App.4th 244 (*Harris*), review granted February 24, 2016, S231489, 365 P.3d 789, the appellate court held that the People were entitled to withdraw from their plea agreement and reinstate

22

previously dismissed charges, after the defendant successfully petitioned for resentencing under Proposition 47.  (*Harris,* at p. 247.)  We disagree with the reasoning of the majority in *Harris*, and find the reasoning of the dissenting opinion more persuasive.[5]  Moreover, *Harris* is no longer citable as published law because the California Supreme Court recently granted review in that case.  (*Harris v. S.C.* (*People*) 365 P.3d 789; Cal. Rules of Court, rule 8.1105(e)(1).)

Construing *Collins* broadly to allow the parties to a plea agreement to withdraw from their plea agreement when legislation affects the defendant's punishment conflicts with *Doe v. Harris*, in which the court held a plea agreement is "deemed to *incorporate and contemplate* . . . the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy." (*Doe v. Harris*, *supra*, 57 Cal.4th at p. 70, italics added.)  It follows that, here, where Proposition 47 changed the punishment agreed upon in the receiving stolen property plea agreement, and, in turn impacted the subordinate term of punishment agreed upon in the identity fraud plea agreement, sentencing terms of both plea agreements were altered but the plea agreements remained binding on both parties.  We conclude *Doe v. Harris, supra,* 57 Cal.4th 64, not *Collins, supra,* 21 Cal.3d 208, governs this case and therefore hold the parties are *not* entitled to withdraw from the identity fraud plea agreement.

---

[5]  In accord, *People v. Gonzalez* (2016) 244 Cal.App.4th 1058, 1073, review granted April 27, 2016, S233219, 368 P.3d 923; *People v. Brown* (2016) 244 Cal.App.4th 1170, review granted April 27, 2016, S233274, 368 P.3d 923; *People v. Perry* (2016) 244 Cal.App.4th 1251, review granted April 27, 2016, S233287, 368 P.3d 924.

The only remaining issue here is whether the new sentence on the identity fraud felony is limited by the 16-month maximum term defendant agreed to when he pled guilty to identity fraud. When modifying defendant's sentence on the identity fraud felony, the trial court disregarded the 16-month sentence maximum agreed to in the plea agreement entered in the identity fraud case. The trial court instead combined the sentence limits in both plea agreements, concluding the total maximum sentence limit was 60 months.

We reject the trial court's approach, which may have made good sense, but violated the 16-month maximum sentencing term agreed to in the identity fraud plea agreement. There is no language in either of the two plea agreements from which this court can reasonably conclude the parties agreed to a combined sentence term maximum of 60 months. We therefore conclude the trial court abused its discretion in imposing a 48-month term for the identity theft conviction because (1) a combined 60-month sentence limit was not agreed to in either plea agreement; (2) a 16-month sentence limit was agreed to in the identity fraud case plea agreement; (3) the plea agreement in the receiving stolen property case only stated a sentence limit for the receiving stolen property conviction; and (4) Proposition 47 did not amend or change sentencing on the identity fraud felony.

Because the 48-month sentence exceeds the plea agreement term in Case 2, limiting sentencing on defendant's identity fraud conviction to a maximum of 16 months, this case is remanded to the trial court with directions to resentence defendant on the identity fraud count, consistent with the plea agreement entered in the identity fraud case,

24

which limits sentencing on the identity fraud conviction to a maximum term of 16 months.

V

DISPOSITION

Because defendant pled guilty to identity fraud on the condition his sentence for identity fraud would not exceed 16 months, the trial court abused its discretion in imposing a 48-month sentence for identity fraud. The 48-month sentence for identity fraud is therefore reversed and this case is remanded for resentencing on the identity fraud conviction consistent with this decision. The judgment is affirmed in all other regards.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

MILLER
        Acting P. J.

SLOUGH
        J.